**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW
483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

January 4, 2016

**VIA ECF**
The Honorable Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   Palace v. Smith
      15 CV 1613 (CBA) (CLP)

Dear Judge Amon:

    I represent the plaintiff in the above referenced matter.  The plaintiff requests a pre motion conference in order to move for summary judgment as agreed upon at the initial conference with Magistrate Judge Pollak.  This matter was filed pursuant to the Fair Debt Collection Practices Act.  The allegations in this matter are that the defendant's representatives left messages for the plaintiff which did not identify that the caller was a debt collector. The defendant has already produced at least one message which admittedly was left for the plaintiff where the debt collector requested that the debtor return the call but the defendant's anonymous message did not include the required disclosures.

    Scores of federal court decisions - including the Second Circuit Court of Appeals[1] - and all the District Courts that have considered the issue within the Second Circuit[2]

---

[1] See *Katz v. Sharinn & Lipshie, P.C.*, 2013 U.S. Dist. LEXIS 129728, *5-6, 2013 WL 4883474 (E.D.N.Y. Sept. 11, 2013) ("Plaintiff alleges that Defendant violated Section 1692e(11) of the FDCPA by failing to state that it was attempting to collect a debt and that any information would be used for that purpose. This failure alone is sufficient to establish a violation of Section 1692e(11). See *Dona v. Midland Credit Mgmt., Inc.*, No. 10-CV-0825, 2011 U.S. Dist. LEXIS 27136, 2011 WL 941204, at *2 (E.D.N.Y. Feb. 10, 2011) (holding that a single voicemail message in which the employee of the defendant failed to identify herself as a debt collector was, without more, "sufficient to constitute a violation of the FDCPA disclosure requirement" (citing Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 26 (2d Cir. 1989))), report and recommendation adopted, No. 10-CV-0825, 2011 U.S. Dist. LEXIS 27093, 2011 WL 939724 (E.D.N.Y. Mar. 15, 2011)") *Friedman v. Sharinn & Lipshie, P.C.*, 2013 U.S. Dist. LEXIS 64541, 2013 WL 1873302 (E.D.N.Y. Mar. 28, 2013) (same)

[2] *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006). (Collector's prerecorded phone message left on the consumer's voicemail only requesting the debtor to return the call regarding an important personal "business matter" was a "communication" as defined by the FDCPA, and thus the allegation that the collector failed to provide the § 1692e(11) disclosure in that message stated a claim for relief.) *Ostrander v. Accelerated Receivables,* 2009 U.S. Dist. LEXIS 27321, *1, 2009 WL 909646 (W.D.N.Y. Mar. 31, 2009) (A telephone message that merely stated the name of a person to contact and a telephone number at which to reach that person did not provide meaningful disclosure of the caller's identity for purposes of the FDCPA. Accordingly, plaintiff had stated a claim under 15 U.S.C.S. § 1692e(11) for failure to disclose that the telephone messages were from a debt collector, and under 15 U.S.C.S. § 1692d(6) for the placement of

1

telephone calls without meaningful disclosure of the caller's identity.) *Pifko v. CCB Credit Servs.*, 2010 U.S. Dist. LEXIS 69872, *16, 2010 WL 2771832 (E.D.N.Y. July 7, 2010) ("Messages left on consumers' answering machines or in his or her voicemail by debt collectors qualify as a "communications" under the FDCPA. Furthermore, messages left on consumers' answering machines that fail to disclose that the speaker is a debt collector seeking to collect a debt have been found to be in violation of section 1692(11).") (citations omitted) *Ortez v. First Asset Recovery Group, LLC,* 2014 U.S. Dist. LEXIS 46348, *3, 2014 WL 1338835 (W.D.N.Y. Apr. 2, 2014) ("Plaintiff alleges that on January 2, 2013, defendant attempted to collect a debt by calling plaintiff at his residence and leaving a pre-recorded voicemail message in which defendant did not disclose its true identity and did not state that the communication was from a debt collector. Plaintiff alleges that this conduct violated a number of the provisions of the FDCPA, including sections 1692d(6), 1692e(11), and 1692g(a). These provisions of Title 15 prohibit various acts, including placement of a telephone call without meaningful disclosure of the caller's identity; failing to disclose in the initial oral communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose; and failing to provide proper written notice within five days of the initial communication. Accordingly, for the purposes of this motion, plaintiff has sufficiently alleged facts to establish defendant's liability under the FDCPA.") *Reed v. Takhar Collections Servs.*, 2014 U.S. Dist. LEXIS 168146, *2-3 (W.D.N.Y. Dec. 3, 2014) ("Plaintiff alleges that, on or about November 7, 2012, defendant called plaintiff's telephone and left a message instructing plaintiff to contact the caller, but failed to advise plaintiff that the caller was a debt collector attempting to collect a debt, in violation 15 U.S.C. § 1692e(11). That section provides that a debt collector, in its initial communication with a consumer, must disclose that it is a debt collector, that it is attempting to collect a debt, and that any information obtained will be used for that purpose. Accordingly, for the purposes of this motion, plaintiff has sufficiently alleged facts to establish defendant's liability under the FDCPA.") *Vibar v. Audubon Fin. Bureau,* 2013 U.S. Dist. LEXIS 157106, 2013 WL 5937010 (W.D.N.Y. Oct. 30, 2013) (same) *Miller v. Faulkner,* 2010 U.S. Dist. LEXIS 28590, *5-7, 2010 WL 1257505 (D. Conn. Mar. 25, 2010) (The debt collector left a voice message leaving a phone number, which failed to disclose in the telephone call that she was a debt collector or that she was calling on behalf of United Obligations. This constituted a violation of § 1692e. the record also reflected that the debt collector contacted the debtor, and left her a voice mail message with the intention of collecting a debt,yet failed to make a meaningful disclose of her identity as a debt collector.) *Castro v. Green Tree Servicing LLC,* 959 F. Supp. 2d 698, 719, 2013 U.S. Dist. LEXIS 115089, *53, 2013 WL 4105196 (S.D.N.Y. 2013) ("[A]t least three of the voicemails clearly violate the FDCPA by failing to identify that the call is from a debt collector or who the caller is and/or where he is calling from. Accordingly, Plaintiffs are entitled to summary judgment on their FDCPA claim related to Defendants' voicemail messages.") *McPhatter v. M. Callahan & Assocs., LLC,* 2013 U.S. Dist. LEXIS 132251, *6 (E.D.N.Y. Aug. 6, 2013) ("A violation of the FDCPA occurs where the debt collector, in a communication with the consumer, fails to disclose 'that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.'" *Dona v. Midland Credit Mgmt.*, CV 10-0825 (JS)(WDW), 2011 U.S. Dist. LEXIS 27136, at *2-3 (E.D.N.Y. Feb. 10, 2011) (quoting 15 U.S.C. § 1692e(11)), adopted, 2011 U.S. Dist. LEXIS 27093 (E.D.N.Y. Mar. 15, 2011). To comply with Section 1692e(11), "the debt collector must 'clearly' be identified in the communication to the debtor." *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 668 (S.D.N.Y. 2006); see also *Gabriele v. Am. Home Mortg. Servicing*, 503 Fed. Appx. 89, 2012 U.S. App. LEXIS 24478, at *11 (2d Cir. 2012) ("[C]ommunications from debt collectors that are misleading or deceptive as to the identity or involvement of the debt collector violate the FDCPA") *Marisco v. NCO Fin. Sys.*, 946 F. Supp. 2d 287, 291, 2013 U.S. Dist. LEXIS 74213, *8, 2013 WL 2285195 (E.D.N.Y. 2013) ("Courts generally consider, and the parties do not dispute, that pre-recorded messages and voice mail messages from debt collectors are "communications," even if the messages do not state what the calls are regarding.") *Hirsch v. ANI Mgmt. Group,* 2013 U.S. Dist. LEXIS 137130, *4-5 (E.D.N.Y. May 30, 2013) ("Plaintiff alleges violations of the FDCPA based on two telephone messages left on his answering machine on or about May 1, 2012 and May 4, 2012."Communications" under the Act include telephone calls and messages left on a consumer's answering machine.") *Sussman v. I.C. Sys.*, 928 F. Supp. 2d 784, 2013 U.S. Dist. LEXIS 31721, 2013 WL 842598 (S.D.N.Y. 2013) (Stating "[A]pplying the reasoning used by the Foti court and accepting as true all factual allegations and drawing all reasonable inferences in Plaintiff's favor, the Court finds that the calls at issue constitute "communications" under the FDCPA." and finding the allegation that the debt collector hung up either prior to or as soon as the phone was answered stated a claim for a violation of § 1692e(11).) *Cerrato v. Solomon & Solomon*, No. 11 Civ. 623 (JCH), 909 F. Supp. 2d 139, 2012 U.S. Dist. LEXIS 179132, 2012

uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in messages left for consumers, such as the said messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

To the extent that the defendant will claim that it could not have left a message with the proper disclosures, nothing in the FDCPA gives a debt collector the right to leave a message yet if the debt collector elects to leave a message that message must comply with the 1692e(11) disclosures the following caselaw addresses that issue. See *Tjartjalis v. Global Credit and Collection Corp.*, No.17 1:14-cv-00273 (E.D.N.Y. April 14, 2014) (Cogan J.,) ("Defendant asserts that it had no viable option other than to identify itself as a collection company because ... Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643 (S.D.N.Y.2006), required defendant to identify itself as a debt collector in the message...Thus, just as in *Marisco*, the "rock and hard place" between which defendant attempts to portray itself could have been avoided simply by hanging up.") *Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 2009 U.S. App. LEXIS 22500, 22 Fla. L. Weekly Fed. C 179 (11th Cir. Ga. 2009.)* (The United States Court of Appeals for the Eleventh Circuit stated "In an oft-repeated statement from the Vietnam War, an unidentified American military officer reputedly said that "we had to destroy the village to save it." That oxymoronic explanation may be apocryphal, but the debt collection agency in this case offers up much the same logic to explain why it violated the Fair Debt Collection Practices Act: it was necessary to violate the Act in order to comply with the Act…"[I]f [the debt collector's] assumption is correct, the answer is that the [FDCPA] does not guarantee a debt collector the right to leave messages.") *Isaac v. RMB, Inc.*, 2014 U.S. Dist. LEXIS 40840, 35-36 (N.D. Ala. Mar. 26, 2014) ("In Edwards, a debt collector seeking the safety of the bona fide error exception argued that it intentionally left out of its message that it was a debt collector seeking to collect a debt because the message might be heard by a third party and might then run afoul of another section of the FDCPA. citing 15 U.S.C. § 1692c(b). Nothing in the FDCPA, the Court of Appeals explained, gives a debt collector the right to leave a message, or exempts a debt collector from making the requisite

---

WL 6621339, at *4-*6 (D. Conn. Dec. 18, 2012) (applying the Foti court's reasoning and holding that even unanswered or missed telephone calls constitute "communications" under the FDCPA) *Messing v. Rubin & Yates, L.L.C.,* 2014 WL 916748 (W.D.N.Y. Mar. 10, 2014). (The court entered judgment where the plaintiff sufficiently alleged facts to establish the defendant's liability since the defendant "left plaintiff a voicemail in which defendant did not state that the communication was from a debt collector. . .") *Dunn v. Advanced Credit Recovery Inc., 2012 U.S. Dist. LEXIS 27205, 2012 WL 676350 (S.D.N.Y. Mar. 1, 2012) (same) Twarozek v. Midpoint Resolution Group, LLC, 2011 U.S. Dist. LEXIS 87488, 2011 WL 3440096 (W.D.N.Y. Aug. 4, 2011) (same) Douyon v. N.Y. Med. Health Care, P.C.*, 2012 WL 4486100 (E.D.N.Y. Sept. 28, 2012), *amended on reconsideration by* 2013 WL 5423800 (E.D.N.Y. Sept. 25, 2013). (A telephone message that failed to make disclosures as required by § 1692e(11) violated the FDCPA.) *Kavalin v. Global Credit & Collection Corp.*, 2011 U.S. Dist. LEXIS 34554, *3, 2011 WL 1260210 (W.D.N.Y. Mar. 30, 2011) (Motion to dismiss was denied as to plaintiffs' claims that the messages failed to disclose the caller's identity) *Krapf v. Collectors Training Inst. of Ill., Inc.*, 2010 WL 584020 (W.D.N.Y. Feb. 16, 2010). (The obligation of a collector to identify itself as a debt collector under § 1692(11) is not limited to the initial communication with the consumer but also applies to subsequent communications.) *Leyse v. Corporate Collection Servs., Inc.*, 2006 WL 2708451 (S.D.N.Y. Sept. 18, 2006). (Failure to provide the debt collection notice in prerecorded messages to the consumer violated § 1692e (11). "CCS has been cornered between a rock and a hard place, not because of any contradictory provisions of the FDCPA, but because the method they have selected to collect debts has put them there.")

3

disclosures if a message is left. [T]he collector can elect to leave no message at all, or leave a message with the required disclosures, He may not leave a message lacking the required disclosures."(citations omitted) *Sclafani v. BC Servs., Inc*., No. 10-61360-CIV, 2010 U.S. Dist. LEXIS 115330, 2010 WL 4116471, at *3 (S.D. Fla. Oct. 18, 2010) ("If [the defendant] could not leave voice messages that simultaneously complied with the multiple applicable provisions of FDCPA, it should not have left the offending voice messages.") *Dauval v. MRS BPO, L.L.C.*, 2013 U.S. Dist. LEXIS 189109, *21-22, 25 Fla. L. Weekly Fed. D 47 (M.D. Fla. June 27, 2013) (leaving a message (that lack the disclosures) either on an answering machine or with a third party is the same because the FDCPA was specifically enacted to prevent this sort of contact with third parties by debt collectors) *Wideman v. Monterey Fin. Servs.*, 2009 U.S. Dist. LEXIS 38824, 5-8, 2009 WL 1292830 (W.D. Pa. May 7, 2009) (making no distinction between a message left with a third party or being left with a voice mail system) (collecting cases)

I apologize that the letter has somewhat exceeded the three page limit

Thank you for the Court's consideration of the foregoing.


Yours faithfully,

/s/

Adam J. Fishbein


Cc: Arthur Sanders, Esq.